Filed 12/29/23  P. v. Carrillo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099030 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE012477) |
| v. | |
| LEO CARRILLO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Leo Carrillo filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  After independently examining the record, we will affirm the judgment.

1

# I.  BACKGROUND

The facts that underly the 11-count information in this case arise out of two separate incidents.  In the first, defendant got into a verbal confrontation with the two victims at a market.  The victims disengaged, left the store, and began walking away.  Defendant got into his car and drove up next to the victims.  He pulled out a gun and fired at both victims.  Two bullets struck one victim in his lower body and another bullet grazed the face of the second victim.

In the second incident, defendant drove his mother's car with two passengers to a house where one of the passengers in the car shot at the house.  One of the bullets grazed the head of a man standing in front of the house.  As defendant fled the shooting, he struck another car.  Defendant got out of his car carrying a handgun and ran away.  Police discovered his car nearby and found twenty-one .22-caliber long rifle cartridges in it.  They found a gun in a nearby field.

As to the first incident, the second amended information charged defendant with two counts of attempted murder (Penal Code, §§ 664/187—counts one and four),[1] two counts of shooting from a vehicle at a person not in the car (§ 26100, subd. (c)—counts two and five), assault with a semiautomatic firearm (§ 245, subd. (b)—counts three and six), and being a felon in possession of a firearm (§ 29800, subd. (a)(1)—count seven).  As to counts one through six, the information also alleged a host of firearm enhancements under sections 1203.06, subdivision (a)(1), 12022.5, subdivision (a), 12022.53, subdivisions (b), (c), and (d), and 12022.7, subdivision (a).

As to the second incident, the information charged defendant with assault with a semiautomatic firearm (§ 245, subd. (b)—count eight), possession of a firearm and ammunition by a felon (§§ 29800, subd. (a)(1), 30305, subd. (a)(1)—counts nine and ten) and fleeing the scene of an injury accident (Veh. Code, § 20001, subd. (b)(1)—count

---

[1]  Undesignated statutory references are to the Penal Code.

eleven).  The information also alleged defendant had a prior strike.  (§§ 667, subd. (b)-(i), 1170.12.)

The jury found defendant guilty on all 11 counts.  As to the first attempted murder count (count one) and the first shooting from a vehicle count (count two), the jury found true firearm enhancements under 12022.53, subdivisions (b), (c), and (d).  As to the second attempted murder count (count four) and the second shooting from a vehicle count (count five), the jury found true firearm enhancements under 12022.53, subdivisions (b) and (c).  Finally, the jury found true the enhancements under section 12022.5, subdivision (a) on the first two assault counts (counts three and six) and under section 12022.7, subdivision (a) on count three.

At the original sentencing, the trial court rejected defendant's invitation to strike his prior convictions.  The trial court calculated that sentence as two consecutive terms of 14 years to life sentences (the middle term of seven years to life doubled due to his strike) for the two murder convictions (counts one and four), plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d), plus the middle term of six years, doubled to 12 years, for the assault with a firearm conviction (count eight), plus one-third the middle term (eight months, doubled to 16 months) for fleeing the scene of an injury accident (count eleven).  Sentences for several other counts and enhancements were either stayed or run concurrently.  The total sentence was 66 years four months to life where defendant would not be eligible for parole consideration until sometime in his late 80s.

Defendant appealed.  Another panel of this court remanded the case to the trial court "for resentencing to allow the trial court to decide whether to exercise the discretion conferred by the recent amendments to sections 654 and 1170, subdivision (b)(6)."  (See *People v. Carrillo* (April 19, 2022, C091539) [nonpub. opn.].)

On remand, the People filed an amended information alleging several aggravating circumstances:  the crimes involved great bodily harm, defendant used a weapon,

defendant was sentenced to concurrent sentences for which consecutive sentences could have been imposed, defendant engaged in conduct that indicates a serious danger to society, his prior convictions were numerous and of increasing seriousness, he was on probation at the time of the offense, and his prior probation performance was unsatisfactory. (California Rules of Court, rule 4.421(a)(1), (2) & (7), (b)(1), (2), (4) & (5).) Defendant did not object to the filing and admitted two of those factors: that he was on probation at the time of the offense and that his prior performance on probation was unsatisfactory.

Defendant submitted a brief asking the trial court to exercise its discretion to reduce his sentence under the new sentencing laws. Defendant's documentation and evidence indicated he had engaged in significant positive behavior in state prison as well as the fact that he endured trauma as a youth. He asked the court to impose the lower term sentence under section 1170, subdivision (b)(6), to stay, strike, or reduce some or all of the firearm enhancements, and to consider the court's discretion under section 654 to stay the convictions with the highest terms. The People argued defendant had already received leniency in his first sentencing and the trial court should stick with its original sentence.

The trial court held a hearing pursuant to this court's remittitur acknowledging the new sentencing law under sections 654, 1170, and 1385. During that hearing, the parties stipulated the trial court could rely on the probation report, specifically as it related to the documentation of defendant's criminal history and all the aggravating factors and mitigating factors. During his presentation, defendant told the court he was not seeking release in a month, in a year, or even necessarily in the next decade, but that if he did what he was supposed to do, he was asking to be allowed to reenter society at some point.

At the resentencing hearing, the trial court refused to dismiss defendant's prior strike. The trial court noted that defendant had committed a series of very serious and violent crimes, but that in the intervening six years, both the law and defendant had

4

changed.  In summarizing its thinking, the trial court stated, "But the goals of sentencing, including public safety foremost, punishment, uniformity in sentencing, and serving as a deterrent to the defendant and others and trying to motivate him and others to try and seek rehabilitation, I believe it is in the best interest of society and the most just sentence to give [defendant] a shot at parole while still holding him accountable with a significant sentence."

Accordingly, the trial court stayed the 25-year-to-life sentence for the firearm enhancement under section 12022.53, subdivision (d) on count one and resentenced defendant to the same previous sentence on the other counts.  The net effect of the resentencing was to reduce defendant's sentence to 41 years four months to life.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

KRAUSE, J.

6